[660 NYS2d 151]

In the Matter of WILLIAM J. BLASI (Admitted as WILLIAM JOSEPH BLASI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 14, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*William J. Blasi,* Brooklyn, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing nine charges of professional misconduct against him. The Special Referee sustained all nine charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in opposition to the Grievance Committee's motion.

The charges in the petition emanate from the following set of facts.

Between 1990 and 1994, the respondent resided at 3 Mount Bear Court, Farmingville. At all relevant times, the adjoining property owners were Penny Gonzalez and Luis Gonzalez and Annette Johnson and Joseph Johnson.

In or about May 1991, the respondent and the Gonzalezes had a disagreement concerning the volume of music being played by Mrs. Gonzalez. The respondent threatened to damage Mrs. Gonzalez's home and her pool and made lewd and suggestive remarks to Mrs. Gonzalez's minor female children. Additional disagreements resulted in calls by Mr. and Mrs. Gonzalez to the Suffolk County Police Department.

On or about August 23, 1991, the respondent commenced suit in the Supreme Court, Suffolk County, against Luis Gonzalez and Penny Gonzalez. The respondent sought $1,640,000 in monetary damages for defamation based upon the statements of Mr. and Mrs. Gonzalez to the Suffolk County Police Department and for emotional distress. The respondent also sought a judgment declaring that he was the owner of a portion of the Gonzalez property by adverse possession. The respondent simultaneously placed a lis pendens on the Gonzalez property.

By order of the Supreme Court, Suffolk County (Newmark, J.), dated December 21, 1993, summary judgment was granted to the Gonzalezes dismissing all of the respondent's causes of action and cancelling the lis pendens. By notice of motion dated February 22, 1994, the respondent sought renewal and reargument of the prior summary judgment determination and simultaneously moved to amend his now-dismissed complaint. By order to show cause, dated February 24, 1994, the respondent moved in this Court for a temporary restraining order reinstating the lis pendens and to stay the order of the Supreme Court, Suffolk County, dismissing the adverse possession cause of action. This Court denied the respondent's application in its entirety.

By orders of the Supreme Court, Suffolk County, dated April 5, 1994, the respondent's motion for leave to amend his complaint was denied as academic and the respondent's motion for renewal and reargument was denied. In imposing sanctions, Justice Newmark noted the repetition and utter lack of merit of the motions made by the respondent and observed that they were undertaken primarily to delay or prolong enforcement of the court's determination. The respondent was ordered to pay $1,000 in sanctions to the Lawyers' Fund for Client Protection of the State of New York. To date, the respondent has failed to pay the sanction.

On or about August 18, 1994, the respondent commenced an action in the Supreme Court, Suffolk County, for $1,600,000 against his neighbor, Joseph Johnson. That action was premised upon Mr. Johnson's telephone calls to the Suffolk County Police Department and statements made to the responding police officers. The respondent falsely claimed that Mr. Johnson was responsible for his not being appointed to the Assigned Counsel Family Court Panel of the Appellate Division, Second Department. After serving Mr. Johnson with the summons and receiving his answer, the respondent took no further measures to prosecute his claim.

Charge One alleged that the respondent engaged in conduct which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the threats and lewd and suggestive remarks he made to the Gonzalezes and their children.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Three alleged that the respondent filed suit for the sole purpose of harassing or maliciously injuring another, in violation of Code of Professional Responsibility DR 7-102 (A) (1) (22 NYCRR 1200.33 [a] [1]).

Charge Four alleged that the respondent knowingly advanced a claim which was unwarranted under existing law, in violation of Code of Professional Responsibility DR 7-102 (A) (2) (22 NYCRR 1200.33 [a] [2]), which led to the imposition of sanctions of $1,000.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), arising from his failure to pay the $1,000 sanction imposed.

Charges Six through Nine were predicated on the respondent's actions with respect to Joseph Johnson.

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Seven alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Eight alleged that the respondent filed suit for the sole purpose of harassing or maliciously injuring another, in violation of Code of Professional Responsibility DR 7-102 (A) (1) (22 NYCRR 1200.33 [a] [1]).

Charge Nine alleged that the respondent knowingly advanced a claim which was unwarranted under existing law, in violation of Code of Professional Responsibility DR 7-102 (A) (2) (22 NYCRR 1200.33 [a] [2]).

Based on the evidence adduced and the respondent's admissions with respect to certain factual allegations, the Special Referee properly sustained all nine charges. The respondent engaged in a clear abuse of the legal system in order to harass or maliciously injure others in an effort to settle personal disputes. The Grievance Committee's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has expressed no remorse and has advanced no real mitigation. The civil action which the respondent commenced in the United States District Court for the Eastern District of New York against, *inter alia,* the Presiding Justice, Grievance Counsel, former Grievance Committee Chair, and the State of New York was dismissed by Judge Sterling Johnson on February 29, 1996. By orders dated September 9, 1996, this Court (1) affirmed an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 21, 1993, which, *inter alia,* granted summary judgment to the Gonzalezes dismissing the respondent's causes of action against them (231 AD2d 483), and (2) dismissed the respondent's purported appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 9, 1994, which denied the

respondent's motion to reargue a prior motion to renew and reargue the motion of the Gonzalezes for summary judgment (221 AD2d 482). Although the respondent blames his neighbors, their attorney, Justice Newmark, Grievance Counsel, and the Special Referee for his problems, it is clear that his malicious abuse of the legal process created the very situation he now complains of.

Under the totality of circumstances, the respondent is suspended from the practice of law for five years.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William J. Blasi, is suspended from the practice of law for a period of five years, commencing August 14, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William J. Blasi, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.